UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UDR OF TENNESSEE, L.P., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:12-cv-1791-B |
| | § | |
| MDG ZAREMBA SAMMYTOWN, LLC, | § | |
| and ZAREMBA CONTRACTORS, LLC, | § | |
| | § | |
| Defendants. | § | |

## ORDER TRANSFERRING CASE

Before the Court is Defendants' Motion to Dismiss or Transfer Venue (doc. 7), filed on July 19, 2012. For the reasons that follow the Court **GRANTS** the Motion to Transfer venue to the Middle District of Florida as the clearly more convenient forum and **DENIES AS MOOT** Defendants' alternative requests for relief in the form of transfer or dismissal.

## I.

## BACKGROUND

Plaintiff UDR of Tennessee, L.P. is a Virginia limited partnership with its principal place of business in Colorado. Doc. 1, Compl. ¶ 1. Defendant MDG Zaremba Sammytown, LLC ("MDG Zaremba") is a Florida limited liability company with its principal place of business in Ohio. *Id.* ¶ 2. Defendant Zaremba Contractors, LLC ("Zaremba Contractors") is a Delaware limited liability company with its principle place of business in Ohio. *Id.* ¶ 3.

The dispute arises out of real property located at 801 North Rome Avenue in Tampa, Florida (the "Property"). *Id.* ¶ 6. MDG Zaremba originally owned the Property, but entered into an

agreement with non-party DCO Realty, Inc. ("DCO Realty"), a "UDR related entity," in February 2007 to sell the Property to DCO Realty. *Id.* On August 26, 2008, Defendant MDG Zaremba and DCO Realty entered into an amended agreement for the sale of the Property wherein MDG Zaremba sold the property to DCO Realty but would also develop and manage an apartment complex on the Property.[1] *Id.* ¶¶ 6, 8. Defendant Zaremba Contractors, "a related entity with [MDG] Zaremba," would serve as the general contractor and would construct the apartment complex. *Id.* ¶ 8. According to Plaintiff's Complaint, DCO Realty had one representative in Dallas, Texas, Tom Lamberth, who participated in the negotiation of the sale with DCO Realty. *Id.* ¶ 6. Lamberth is also an alleged representative of Plaintiff UDR.[2] *Id.* Other negotiations between Defendants and DCO Realty occurred in Colorado, including the sole in-person meeting. DCO Realty later assigned its contract to purchase the Property to Plaintiff UDR. *Id.* ¶ 7.

Defendants constructed the apartment complex, which was determined to be substantially completed in July of 2009. *Id.* ¶ 15. After Plaintiff UDR took ownership of the apartment complex, it discovered several problems with the Property, primarily related to leaks in the roof. *Id.* ¶ 17. Plaintiff hired a private consulting group to inspect the Property and to determine the cause of the roof leaks. *Id.* ¶ 20. The consulting group identified a number of problems with the Property, including but not limited to improper installation of materials, cracks in the concrete, disbonded stucco, and rusting. *Id.* Plaintiff informed Defendants of the defective conditions. *Id.* ¶ 22.

---

[1]Plaintiff admits in its Response to the Motion that Defendants did not actually conduct the negotiations with DCO Realty. Rather, the agreement was negotiated by non-party Zaremba Group, Inc.,the parent company to Defendant MDG Zaremba, and non-party DCO Realty. Doc. 9, Resp. at 2.

[2]Defendants do not recall Lamberth's participation in the negotiation agreements until after the original sales agreement was executed. Doc. 8, Zaremba Decl. ¶ 5.

Defendants inspected and viewed the properties, but did not acknowledge the alleged defects and refused to repair or pay for the repair of the Property. *Id.* Plaintiff hired a new contractor, non-party DBK Construction Group, to repair the Property. *Id.* ¶ 23. Plaintiff alleges that millions of dollars have been or will be spent repairing the defects to the Property and making concessions to tenants. *Id.* ¶ 24.

Plaintiff filed a Complaint on June 8, 2012 asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332 and proper venue under 28 U.S.C. § 1391(b)(2). Doc. 1. The Complaint alleges (1) breach of contract by Defendant MDG Zaremba for failing to follow plans and specifications, failing to act in a good and workmanlike manner, and failing to use first-class materials; (2) breach of contract by Defendant Zaremba Contractors for failing to construct the Project in accordance with the contract; (3) breach of contract by both Defendants for failing to indemnify Plaintiff for damages; (4) negligence by Defendant Zaremba Contractors for failing to exercise reasonable skill and diligence and failing to supervise the work of its subcontractors. Doc. 1, Compl. ¶¶ 26-33. The Complaint seeks damages, pre- and post-judgment interest, attorney's fees, costs, and expenses. *Id.* ¶¶ 34-35.

On July 19, 2012, Defendants filed a Motion to Dismiss or Transfer Venue (doc. 7), asking that the Court grant one of the following four alternatives: (1) dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction; (2) dismiss the Complaint pursuant Rule 12(b)(3) for improper venue under 28 U.S.C. § 1391; (3) transfer the action to the Middle District of Florida pursuant to 28 U.S.C. § 1406 for improper venue under 28 U.S.C. § 1391; or (4) transfer the action to the Middle District of Florida under 28 U.S.C. § 1404 as a more convenient forum. The Motion has been fully briefed and is ripe for review.

## II.

## LEGAL STANDARD[3]

"Jurisdiction and venue, while comprising many of the same considerations, are not the same thing. . . . [J]urisdiction is relatively more concerned with fairness and venue more with inconvenience." *Time, Inc. v. Manning*, 366 F.2d 690, 696 (5th Cir. 1966). While plaintiffs bears burden of proving that jurisdiction is proper under a motion to dismiss, *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 854 (5th Cir. 2000), the party seeking transfer bears the burden of showing good cause for transferring a case to an alternate forum. *Time, Inc.*, 366 F.2d at 698; *In re Volkswagen of America, Inc.*, 545 F.3d 304, 314 n.10 (5th Cir. 2008) (en banc). A plaintiff's choice of forum is given substantial weight, and venue should not be transferred merely to shift the inconvenience from one party to the other. *Enserch Int'l Exploration, Inc. v. Attock Oil Co.*, 656 F. Supp. 1162, 1167 n.15 (N.D. Tex. 1987). Instead, transfer of venue is awarded in the court's discretion, *Jarvis Christian Coll. v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir. 1988), and is meant to "protect litigants, witness, and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964).

## III.

## ANALYSIS

Defendants submit that they are not subject to personal jurisdiction in Texas, so the Complaint should be dismissed under Rule 12(b)(2). Defendants also contend that venue is

---

[3]Because the Court decides the issue of venue transfer only, the Court need not outline the standards for reviewing a motion to dismiss under Rule 12(b).

improper in the Northern District of Texas under 28 U.S.C. § 1391[4] and, therefore, the Complaint should either be dismissed under Rule 12(b)(3) or venue should be transferred to the Middle District of Florida pursuant to 28 U.S.C. § 1406. Alternatively, Defendants argue that, if venue is proper in the Northern District of Texas, the Court should still transfer the action to the Middle District of Florida as a more convenient forum under 28 U.S.C. § 1404.

Where a valid venue exists in some federal court, transfer of venue may be preferred over dismissal, in the interest of justice. *See generally Se. Consulting Grp. v. Maximus, Inc.*, 387 F. Supp. 2d 681, 683-84 (S.D. Miss. 2005) (discussing the issue in the context of forum selection clauses); *De La Fuente v. ICC*, 451 F. Supp. 867, 871-72 (N.D. Ill. 1978) (explaining that courts have discretion to transfer or dismiss a case under 28 U.S.C. § 1406(a) for improper venue). There is no indication in this case that Plaintiff brought the underlying action in the Northern District of Texas to harass Defendants or for any other improper purpose, so the Court will consider whether transfer, rather than dismissal, is appropriate.

In the Fifth Circuit, "a transfer to a district in which personal jurisdiction over the defendant can be obtained may properly be made under either section 1404(a) or section 1406(a)." *See Ellis v. Great Sw. Corp.*, 646 F.2d 1099, 1107 (5th Cir. 1981) (describing the historical relationship of Sections 1404 and 1406); *Posven, C.A. v. Liberty Mut. Ins. Co.*, 303 F. Supp. 2d 391, 400 n.3 (S.D.N.Y. 2004). The Court therefore decides that it is appropriate to first analyze Defendants' motion to transfer pursuant to § 1404(a) in the interests of justice. In analyzing the appropriateness

---

[4]Although Defendant cites to 28 U.S.C. § 1391(a), the Court notes that the venue statutes were amended in 2011 and apply to cases filed or removed after January 6, 2012, including this case. The Court therefore refers to the current statutes, which reorganized the cited subsections.

of transfer under § 1404, the Court will assume for the sake of argument that venue is proper in the Northern District of Texas.

A. *Whether Venue is Proper in the Middle District of Florida*

In ruling on a Motion to Transfer, the defendant must first establish that the plaintiff could have brought the action in the transferee court. *See In re Volkswagen of Am.,* 545 F.3d at 312. Under 28 U.S.C. § 1391(b), venue is proper in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

In this case, Defendants argue that venue is proper in the Middle District of Florida under subsection (b)(2) because "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(2). Specifically, the Property is located in the Middle District of Florida, and the alleged acts or omissions giving rise to the breach of contract and negligence claims would have occurred in the Middle District of Florida at the site of the Property. In its Response to Defendants' Motion, Plaintiff does not appear to contest that venue could have been proper in the Middle District of Florida. *See* doc. 9. Considering that the substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in Tampa, the Court agrees that venue would be proper in the Middle District of Florida under § 1391(b)(2).

B. *Transfer of Venue for Convenience*

Under the change-of-venue statute, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Courts balance private and public factors to assess the interests of convenience and justice in transferring a case. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947); *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). The private interest factors include "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive." *In re Volkswagen AG*, 371 F.3d at 203. The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law." *Id.* If the balancing of these private and public factors demonstrates that the alternative venue is "clearly more convenient," a court should transfer the cause from the plaintiff's original choice of venue. *In re Volkswagen of Am.*, 545 F.3d at 315.

In considering the private factors, the Court decides that access to evidence in the form of electronic communications between the parties would be equally feasible in any district given current technologies. *See id.* at 316. Any discovery-related inspections or evaluations of the Property and the work performed on it, however, must be completed in Florida. *See id.* Defendant also explains that the Property architect, Urban Studio Architects, Inc., and the Defendants' subcontractors who actually performed the allegedly defective work–Farris Floor Systems, J.D. Master Concrete, Quality Roof Systems, South Eastern Coating, and Majestic Construction Services–are all based in the

Middle District of Florida and will be witnesses or provide a substantial amount of the evidence related to Plaintiff's claims. Doc. 7-1, Br. at 11, 14; *see In re Volkswagen of Am.*, 545 F.3d at 316-17. Similarly, the individuals performing maintenance and repairs at the Property, tenants and managers of the Property who observed the alleged damage, and the DBK Construction Group that Plaintiff hired to repair the Property when Defendants refused to do so are also based in the Middle District of Florida. Doc. 7-1, Br. at 11-12. Securing these witnesses would be more feasible in Florida, and the costs of attendance would be lower. Because Plaintiff is a Virginia and Colorado company, Defendant MDG is a Florida and Ohio company, and Defendant Zaremba Contractors is a Delaware and Ohio company, the parties will be required to travel to Florida just as they would be required to travel to Texas.[5] Although the parties themselves will face similar burdens regardless of whether venue is laid in Texas or Florida, the location of the Property and the other proposed witnesses favors transfer.

The public factors weigh heavily in favor of transferring venue to Florida. The Property, its tenants and its management are in Tampa, Florida, and the alleged breaches, negligence, and damages all originated there. The Middle District of Florida's interest is therefore great in deciding the issues related to the Property's construction and repair as well as the costs allegedly accrued by Plaintiff in hiring DBK Construction and compensating its tenants. Further, it appears that Florida law governs the amended agreement at issue in Plaintiff's Complaint and Florida tort law applies to

---

[5]Defendants suggest that they plan to file counterclaims against the subcontractors, so litigating in Texas which would pose an additional administrative burden in that the third parties are subject to jurisdiction only in Florida and, therefore, Defendant would be required to litigate the same issue in two forums. Doc. 7-1, Br. at 14. Defendant has not yet joined these parties nor explained its specific claims against them. *See generally Cont'l Grain Co. v. Barge FBL-585*, 364 U.S. 19, 27 (1960); *Sierra Club v. Leathers*, 754 F.2d 952, 954 (11th Cir. 1985).

Plaintiff's negligence claims.[6] The Middle District of Florida will be more familiar with applicable Florida law than this Court. Plaintiff argues that the Northern District of Texas has an interest in adjudicating the dispute because the controversy "involves a Plaintiff with offices located in the Northern District of Texas," and because the non-party company that controls Defendants also owns property in Dallas, albeit unrelated to the present dispute. Doc. 9, Resp. at 19. The purported interests of this district in no way compare to the stronger and more compelling interests of Florida.

Plaintiff next insists that the Florida courts are more congested than Texas courts because the median time to trial in the Middle District of Florida is 22.1 months, whereas in the Northern District of Texas it is 20.2 months. Doc. 9, Resp. at 19. The Court concludes that this alleged 1.9 month difference is not significant enough to weigh the overall inquiry in favor of a Texas venue.

Accordingly, having weighed all of the private and public factors and having found that the Middle District of Florida is clearly a more convenient forum than the Northern District of Texas, the Court **TRANSFERS** the case to the Middle District of Florida.

C.  *Alternative Requests for Relief*

Defendants raise multiple other requests for relief in the form of transfer or dismissal. The Court notes without deciding that Plaintiff's allegations of the propriety of venue in the Northern

---

[6]In its Response, Plaintiff argues that Colorado, rather than Florida law, might apply and therefore the Florida court might be in the same position as the Texas court in applying another state's law. It appears, however that the amended agreement between the parties, attached to Plaintiff's Complaint, states that it is governed by Florida law, doc. 1-1, Amended Agreement at ¶ 14.1, and that it supersedes the original sales agreement which allegedly applied Colorado law. *Id.* ¶ 14.5. This Court does not decide that issue, however, and to the extent that the Court's choice to transfer the case may affect the law that the transferee court applies, the Court notes that the parties may raise that issue on a more developed record before the transferee court. *See Davis v. Costa-Gavras*, 580 F. Supp. 1082, 1086-87 (S.D.N.Y. 1984) (holding that "when a transferor court has not ruled on the propriety of venue or jurisdiction, the transferee court must determine whether venue and jurisdiction would have been proper in the transferor court in order to decide which forum state's law will apply under *Erie*," if applicable).

District of Texas are scant at best. Plaintiff's Complaint averred that venue was proper in the Norther District of Texas under § 1391(b)(2) because a substantial part of the actions occurred in Dallas, Texas. Doc. 1, Compl. ¶ 5. The mere location of a representative to the non-party original buyer of the Property in negotiating the sales agreement for the Property with Defendants' non-party parent company, which was not located in this district, is of virtually no significance to the breach of contract and negligence claims raised by Plaintiff. *See Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773, 778 (5th Cir. 1986) (holding, in the personal jurisdiction context, that "merely contracting with a resident of the forum state is insufficient to subject the nonresident to the forum's jurisdiction"); *see also Brammer Eng'g, Inc. v. East Wright Mt. LTD*, 307 F. App'x 845, 848 (5th Cir. 2009) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)); *Patterson v. Dietze, Inc.*, 764 F.2d 1145, 1147 (5th Cir. 1985). Nevertheless, because the Court transfers the case on the basis of convenience under § 1404, it need not decide whether transfer would also be appropriate under § 1406. Similarly, because the Court has determined that transfer is preferred over dismissal and that transfer to the Middle District of Florida is proper, the Court need not consider Defendants' Motion to Dismiss the Complaint under Rule 12(b)(2) for lack of personal jurisdiction or Rule 12(b)(3) for improper venue. *See Ellis*, 646 F.2d at 1107.

## IV.
## CONCLUSION

Accordingly, the Court **GRANTS** Defendants' Motion to Transfer Venue (doc. 7) and **ORDERS** the case **TRANSFERRED** to the United States District Court for the Middle District of Florida under 28 U.S.C. § 1404(a). Defendants' alternative requests for dismissal or transfer are **DENIED AS MOOT**.

SO ORDERED.

SIGNED: October 31, 2012.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE