UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UDR OF TENNESSEE, L.P.,

    Plaintiff,

vs.                                        Case No.: 8:12cv2462-T-27AEP

MDG ZAREMBA SAMMYTOWN,
LLC, et al.,

    Defendants.
_____/

## ORDER

This cause comes before the Court upon *sua sponte* review of Plaintiff's jurisdictional allegations in the Fourth Amended Complaint (Dkt. 241). Plaintiff, a limited partnership, fails to adequately allege its own citizenship. *See Vill. Fair Shopping Ctr. Co. v. Sam Broadhead Trust*, 588 F.2d 431, 433 n.1 (5th Cir. 1979). Plaintiff also fails to adequately allege the citizenship of the Limited Liability Company (LLC) Defendants. *See Rolling Greens MHP, LP v. Comcast SCH Holdings, LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004). Although the LLC Defendants previously filed a notice regarding their own citizenship (Dkt. 82), that notice fails to properly identify the citizenship of the member individuals and trusts. *See Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) ("[f]or diversity purposes, citizenship means domicile; mere residence in the State is not sufficient"); *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002); *Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 292 F.3d 1334, 1338-39 (11th Cir. 2002); *Arthur v. JP Morgan Chase Bank, NA*, No. 12-12317, ___ F. App'x ___, 2014 WL 2620955, at *3 (11th Cir. June 13, 2014).

Accordingly, **on or before August 8, 2014**, Plaintiff and LLC Defendants shall file a **joint notice** specifying the citizenship of Plaintiff and LLC Defendants for diversity purposes, with

1

citations to relevant, controlling legal authority. To the extent Plaintiff asserts any claim against Third-Party Defendants, the citizenship of the Third-Party Defendants shall also be addressed.

**DONE AND ORDERED** this 28th day of July, 2014.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record; pro se parties